# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2239 | **DATE** | 5/2/2012 |
| **CASE TITLE** | Lance Eugene Hall (N-32909) v. Illinois Department of Corrections, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's *in forma pauperis* application [3] is granted, and the initial partial filing fee is waived. The trust fund officer at Plaintiff's place of confinement is authorized to make deductions from Plaintif's account in accordance with this order. The complaint is dismissed without prejudice to Plaintiff submitting an amended complaint that states a valid claim and that names proper Defendants. Plaintiff is given 30 days from the date of this order to comply. If the Court receives no pleadings from Plaintiff within 30 days, this case will be dismissed.

O[ For further details see text below.]                                                                                               Docketing to mail notices.

## STATEMENT

　　Plaintiff Lance Eugene Hall, an inmate at the Stateville Correctional Center, has filed this 42 U.S.C. § 1983 suit against the Illinois Department of Corrections, Stateville Warden Marcus Hardy, Sergeant Engleson, and Officer Carrot. Plaintiff states that Carrot made Plaintiff remove his partial dental plate that was in his pocket during a pat down search in November 2010. Plaintiff states that he never received his dental plate back after the search, and he describes several problems he has endured since being without the plate (bleeding gums from his bottom teeth rubbing his upper gums, spitting up of food that could not be chewed, and disfigurement of his face).

　　Plaintiff seeks to file his complaint *in forma pauperis* ("IFP"). His application reveals that he is unable to prepay the $350 filing fee and the Court thus grants his motion. The Court waives the initial partial filing fee. The trust fund officer at Plaintiff's place of confinement is authorized to collect monthly payments from Plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and trust fund officers at Stateville shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

　　The Court has conducted its preliminary review of Plaintiff's 42 U.S.C. § 1983 civil rights action pursuant to 28 U.S.C. § 1915A. Plaintiff's complaint does not allege a § 1983 claim. As against the Defendants named in the complaint, Plaintiff has alleged that his property was wrongly confiscated. Deprivation of property claims by Illinois prisoners are not federal claims and do not support a § 1983 action. *See Gable v. City of Chicago*, 296 F.3d 531, 540 (7th Cir. 2002) (because Illinois offers a post-deprivation remedy for claims involving the loss of property, such a claim is not a federal one supporting a § 1983 action). If Plaintiff seeks to assert that prison officials have acted with deliberate indifference to his dental needs, Plaintiff needs to name the officers who were

| STATEMENT |
|---|

personally involved with such a claim. *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008) (to state a deliberate indifference claim Plaintiff must show both (1) that he experienced an objectively serious condition and (2) that the Defendants acted with deliberately indifferent to it); *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (addressing the elements of a claim of deliberate indifference to a serious dental need); *see also Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir.2003) (a § 1983 Defendant must have been personally involved and aware of the inmate's situation but refused to adequately address it). Plaintiff complaint does not indicate that he is suing the Defendants for deliberate indifference to a serious dental need. (Compl. at 4-5) (the Court notes that, despite the fact that page 5 of Plaintiff's complaint is very light and difficult to read, it appears clear that Plaintiff has named as Defendants only officers and officials associated with his claim of the loss of his dental plate and not officers associated with a denial of dental care claim).

Accordingly, the complaint is dismissed. The dismissal is without prejudice to Plaintiff submitting an amended complaint. If Plaintiff desires to proceed with this case, he must submit an amended complaint that states a valid claim and that names as Defendants those persons personally involved with that claim. If Plaintiff submits an amended complaint, he is advised that an amended complaint replaces a previously filed complaint and must stand complete on its own. The Court will refer only to the amended complaint when determining the claims and parties to this case. Also, Plaintiff must submit a judge's copy and a service copy for each named Defendant. Additional copies may be requested if needed. Plaintiff is given 30 days from the date of this order to submit an amended complaint. If the Court receives no pleadings within 30 days, this case will be dismissed.